THE NAVAJO TRIBE OF INDIANS

Plaintiff-Appellee

vs.

ORLANDO HELICOPTER AIRWAYS, INC.

and INDIAN AIRWAYS, INC.

Defendants-Appellants

Decided January 12, 1972

Perry Allen, Office of the Prosecutor, Window Rock, Arizona and
 Robert Cook, General Counsel for the Navajo Nation, Window Rock,
 Arizona, for Plaintiff-Appellee

Tom Tso, Navajo Legal Aid and Defender Services, Window Rock,
 Arizona and Steven H. Schneider, Randolph, Kelly & Corben, Phoenix,
 Arizona, for Defendants-Appellants

Before KIRK, Chief Justice, BENALLY and WILSON, Associate Justices

KIRK, Chief Justice

This is an original application for a writ of prohibition
directed by this Court to the Trial Court for the Window Rock District
to bar the prosecution of an action for forcible entry and detainer there
in which the petitioners here, Orlando Helicopter Airways, Inc. and
Indian Airways, Inc., are defendants and the Navajo Tribe of Indians
is plaintiff. In this opinion we will call them plaintiff and defendants

as used in the Trial Court.

The ground for the application is that the Navajo Courts have no jurisdiction over the defendants because they are not Indians.

The provisions of the Navajo Tribal Code relating to jurisdiction of courts are found in Title 7, Navajo Tribal Code, Section 133. Of this the defendants claim that the present action is governed by Title 7, Navajo Tribal Code, Section 133(b):

Civil Causes of Action, which gives jurisdiction in: "All civil actions in which the defendant is an Indian and is found within its territorial jurisdiction."

The plaintiff insists that the governing rule is found in Title 7, Navajo Tribal Code, Section 133(e): Miscellaneous, which extends jurisdiction to: "All other matters ... which may hereafter be placed within the jurisdiction of the Trial Court by resolution of the Navajo Tribal Council."

If it had been the intention of the Tribal Council in enacting Title 7, Navajo Tribal Code, Section 133 to limit jurisdiction in all civil cases to Indian defendants within the territorial jurisdiction of the Court, Subsections (c), (d), and (e) would have been unnecessary.

The provisions in Title 7, Navajo Tribal Code, Section 133 were enacted in 1958 but the forcible entry and detainer resolution

(16 N.T.C., §§ 751-760) was not adopted until 1969 when special difficulties arose because tenants of the Navajo Housing Authority were failing to pay their rent: See footnote to 16 N.T.C., Section 751. Since Navajo Housing Authority houses and apartments are available to non-Indians as well as Indians, the statutory history would indicate that there was no intention on the part of the Tribal Council to limit the forcible entry and detainer laws to Title 7, Navajo Tribal Code, Section 133(b).

Also, a forcible entry and detainer action is not at all clearly a "civil action." At common law it was a criminal or partly criminal proceeding: 35 Am.Jur.2nd 891, Forcible Entry and Detainer, Section 2. Present forcible entry and detainer laws are all statutory but the provisions for short notice, quick hearing and limitations as to subject matter mark it as a special type of action not to be included under "all civil actions" in Title 7, Navajo Tribal Code, Section 133(b).

This Court is not required to seek Federal statutory authority for its assumption of jurisdiction within the territorial jurisdiction of the Navajo Tribe. Its powers rest upon the original tribal sovereignty rather than any federal grant of power: William v. Lee (1959), 358 U.S. 217, 3 L.Ed.2nd 251 at 253, 79 S.Ct. 169; Cohen, Federal Indian Law (1958 ed.) 396, 444. The only authority to the contrary cited by the defendants is 25 CFR 11.22 which defines the jurisdiction of the Courts of Indian Offenses. These courts are no longer in existence here and rules relating to them are superseded by rules adopted by the Navajo Tribal Council such as Title 7, Navajo Tribal Code, Section 133

which we have discussed here .

From early times special consideration has been given to the needs of the Indian Nations to protect their lands from trespass by outsiders. Early treaties expressly gave them the right to proceed against trespassers "in accordance with their own laws and custom." Cohen, Federal Indian Law (1958 ed.) 632 and 633. When a non-Indian enters Indian land for the purpose of doing business thereon, he may very well be considered to have submitted himself to the jurisdiction of the Indian courts. In Williams v. Lee, supra, in holding that a non-Indian who had been operating a trading post on Navajo lands could not maintain an action against an Indian in an Arizona State Court but must use in the Navajo courts, the United States Supreme Court emphasized that the non-Indian plaintiff was voluntarily doing business on Indian lands. By the same reasoning we hold that the non-Indian may be sued in the Navajo courts.

The answer filed by the defendants in the trial court is marked "(Special Appearance)" but contains general denials of matters relating to the merits of the action two affirmative defenses bearing upon their right to possession of the premises described in the complaint. It is a general rule of procedure, to which this court subscribes, that an objection to the jurisdiction of the Court over a party will be waived when the party submits himself to the jurisdiction of the Court: 20 Am.Jur.2nd 455 and 456, Courts, Section 95; Jardine v. Superior Court (1931), 213 Cal. 301, 2 P.2nd 756, 79 ALR 291. By answering to the merits defendants have waived their objections to the

-43-

to the jurisdiction of the Court to hear the case.

The writ of prohibition is quashed and denied and the trial court is directed to proceed prompty with the trial of said cause.

BENALLY, Associate Justice and WILSON, Associate Justice, concur.